UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Wenyu Zhao and Alpha Plastics, Inc., <br><br>    Plaintiffs, <br>vs. <br><br>United States of America; Kevin McAleenan, Acting Secretary, Department of Homeland Security; Kenneth T Cuccinelli, Acting Director, U.S. Citizenship and Immigration Services; Wallace L Carroll, USCIS Houston Field Director, <br><br>    Defendants | No.  19-3858 |

**COMPLAINT FOR WRIT OF MANDAMUS**

Gordon Quan (SBN: 16422400)
Quan Law Group PLLC
5444 Westheimer Rd., Ste. 1700
Houston, TX 77056
Tel: (713) 625-9200
Fax: (713) 625-9222

*Counsel of Record for Plaintiff*

## I.   INTRODUCTION

1. This is a civil action brought by Plaintiff Wenyu Zhao to compel Defendants, officers of the United States, to finalize the adjudication of his I-485, Application to Register Permanent Residence or Adjust Status (hereinafter referred to as "I-485" or "I-485 application") filed on July 2, 2007 ("Plaintiff Zhao" or "Mr. Zhao"). It has been twelve (12) years and the application is yet to be adjudicated. Adjudication of the application is a nondiscretionary ministerial duty owed to Plaintiff Zhao. He has no other adequate remedy to obtain that right other than by way of this complaint.

2. This action is also brought by Plaintiff Alpha Plastics, Inc. ("Alpha Plastics") to compel Defendant United States Citizenship and Immigration Services (hereinafter "USCIS" or "the Service") to adjudicate the I-140, Petition for an Alien Worker (hereinafter, "I-140 petition"), filed by the Plaintiff on behalf of Mr. Zhao on December 29, 2016. This petition was interfiled when the Service moved to revoke the original I-140 petition that it had approved on October 6, 2005 by filing two notices of intent to revoke ("NOIR") and then failed to adjudicate it for more than five years after receiving timely responses to the NOIR. Although the Service ultimately revoked the original petition almost six years after sending the first NOIR notice, it has yet to act on the interfiled I-140 petition that has now remained pending for almost three years and well beyond their normal case processing time of 4-6 months for such petitions.

## II.   PARTIES

3. Plaintiff Wenyu Zhao is the beneficiary of the original I-140 petition filed by Alpha Plastics which was approved by the USCIS on October 6, 2005 and later revoked on July 12, 2017. He is also the beneficiary of the interfiled I-140 petition filed by Alpha

|   |   |
|---|---|
|   | Plastics which has remained pending since it was filed in December 29, 2016. Additionally, he is the applicant of the I-485 application that has remained pending for over twelve years. |
| 4. | Respondent Kevin McAleenan is Acting Secretary of the United States Department of Homeland Security ("DHS"). He is sued in his official capacity only. |
| 5. | Respondent Kenneth T. Cuccinelli is Director, United States Citizenship and Immigration Services ("USCIS" or "Service"). He is sued in his official capacity only. |
| 6. | Respondent Wallace L. Carroll is Houston Field Office Director of USCIS Houston Field Office. The Houston Field Office is tasked with adjudicating Plaintiffs' I-485 Application to Register Permanent Residence or Adjust Status. Respondent is sued in his official capacity only. |

### III.   JURISDICTION AND VENUE

7. Jurisdiction of the Court is predicated upon 28 U.S.C. §§ 1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action under 5 U.S.C. § 701 *et seq*., the Administrative Procedure Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

8. Venue is proper in this District under 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to claim occurred in this District, and Plaintiffs reside in Houston, Texas and no real property is involved in this action.

## IV. STATEMENT OF FACTS

9. Plaintiff Zhao is a citizen of China. He was admitted to the United States on October 13, 2002 on a B1/B2 visa. On April 10, 2003, Legacy Immigration and Naturalization Service ("INS") approved his H-1B visa with a validity period from April 16, 2003 to April 16, 2006. The company that petitioned for his visa was called Unitex Bag, Inc.

10. On July 7, 2004, INS approved another H-1B visa petitioned filed by a company called Spring Packaging, Inc. for Mr. Zhao with a validity period from March 29, 2004 to March 28, 2007. This visa was extended until March 28, 2010.

11. The owner of the company, Spring Packaging, Inc., also owned Alpha Plastics, Inc. that filed a Form ET-9089, Application for Permanent Employment Certification ("ET-9089"), for the position of a machinist. The Department of Labor approved the labor certification on August 22, 2005.

12. Alpha Plastics then proceeded to file the I-140, Immigration Petition for Alien Workers, for Mr. Zhao which the USCIS approved on October 28, 2005.

13. Based on this approved immigrant visa petition, Mr. Zhao filed I-485, application to adjust status to that of a permanent resident, with the USCIS on July 2, 2007. The USCIS sent a request for additional evidence ("RFE") for this application on May 4, 2009.

14. The RFE cited apparent discrepancies between the G-325A Biographic Information Form submitted with the I-485 application and the ET-9089 from 2005. Specifically, the RFE stated that the G-325A form mentioned that Mr. Zhao had worked for Alpha Plastics since April 2003 which contradicted what was mentioned in a letter submitted by the president of Alpha Plastics, Gary Chen, which stated that he had worked there

since March 2004. The ET-9089, however, listed none of this information but stated instead that he had worked for Unitex Bag Inc. from April 16, 2003 to March 28, 2004; and for Spring Packaging, Inc. from March 29, 2004 to open date.

15. In a timely response to the RFE, Mr. Zhao explained the discrepancies and provided documents corroborating the fact that the information contained in the ET-9089 was correct. Additionally, Mr. Gary Chen provided another letter admitting that Mr. Zhao had always only worked for Spring Packaging and not for Alpha Plastics; that Alpha Plastics was merely filing the I-140 petition for him; and that the confusion stemmed from the fact that Mr. Chen owned both the companies.

16. On April 9, 2018, almost eleven (11) years after the I-485 application was filed, USCIS sent a notice that the case was being transferred to its National Benefits Center.

17. On May 13, 2019, almost twelve (12) years after the I-485 was filed, the USCIS scheduled Mr. Zhao for an interview. However, when Mr. Zhao went for the interview, the officer conducting the interview told Mr. Zhao that he could not proceed because he did not have his file. Mr. Zhao has not received any further correspondence from the USCIS since this time. As such, Mr. Zhao's I-485 application has now remained pending for twelve years.

18. In the interim, USCIS sent two notices of intent to revoke ("NOIR") the I-140 petition that it approved in 2005.

19. The first NOIR was sent on May 9, 2011 in which the USCIS stated the same reasons as was stated on the RFE for its intent to revoke the petition, namely: (1) that the ETA-9089 listed that Mr. Zhao worked for Unitex Bag, Inc., from April 16, 2003 to March 28, 2004 and for Spring Packaging, Inc. from March 29, 2004 to open date; (2) the G-

      325A submitted with the I-485 listed that he worked for Alpha Plastics from April 2003; and (3) that the letter Mr. Gray Chen submitted with the I-140 petition listed that Mr. Zhao worked for Alpha Plastics from March 2004.[1] The NOIR alleged that Mr. Zhao had "failed to disclose" or had "intentionally misrepresented his work history in an attempt to acquire an immigration benefit by fraud or misrepresentation."

20. At the time the USCIS sent this first NOIR, it already had the response to the RFE on file for over two years. However, instead of adjudicating the I-485 application, it chose instead to attempt to revoke the I-140 petition that had been approved for almost six years, citing the same alleged discrepancies for which it already had an explanation on the record from the RFE response.

21. The petitioner, Alpha Plastics, timely responded to the NOIR, submitting corrected G-325A form and another letter from Mr. Chen explaining his error in the letter submitted with the petition, and explaining the fact that despite the information contained in the original G-325A, the W-2s that were submitted should have confirmed that Mr. Zhao only ever worked for Spring Packaging and not for Alpha Plastics. Alpha Plastics also submitted multiple other documents corroborating the fact that Mr. Zhao had only worked for Spring Packaging, Inc. as listed on the ET-9089, including: copies of all his previous H-1B approval notices; all W-2s obtained from Spring Packaging and Unitex Bag; incorporation documents for both companies listing Gary Chen as the owner; and company letterheads showing that both companies shared same address and contact information.

---

[1] The first NOIR also mentioned Mr. Zhao's tax returns from 2004-2006 where he had included his earnings from Spring Packaging, Unitex Bag, and two other companies, but not from Alpha Plastics.

22. Almost a year later on March 19, 2012, USCIS sent a second NOIR. Presumably satisfied with the response on the first NOIR, the second NOIR stated instead that the job duties listed on ET-9089 for Mr. Zhao were that of a mechanical engineer and that he appeared to have less than two years of experience as a machinist which disqualified him from meeting the minimum requirements of the labor certification.[2]

23. Alpha Plastics, again, timely responded to the second NOIR providing evidence that since Mr. Zhao worked as a mechanical engineer for Spring Packaging and for Dong Fang Plastic Ltd. Co. (a company where he worked while he was in China), where he was required to perform tasks as a machinist, his job duties listed on the ET-9089 as a mechanical engineer was not disqualifying. Alpha Plastics provided Mr. Zhao's job duties from both companies which included performing the job duties of a machinist.

24. However, more than five (5) years after this response was submitted, the USCIS revoked the I-140 petition on July 12, 2017. The Service took this action nearly twelve (12) years after approving the petition in October 2005.

25. The sole reason for the denial was given in two sentences:

> "The duties performed by the beneficiary with Spring Packaging Inc. and Dong Fang Plastic Limited Company are non-qualifying duties of a mechanical engineer; they do not meet the minimum requirements of the labor certification. The beneficiary appears to have less than two (2) years of experience as a machinist operating extrusion machines."

26. Alpha Plastics immediately filed an I-290B motion to reconsider the denial arguing that it was outside the adjudicator's authority to determine that a person with more skills could not perform the duties for a lesser skilled position. Moreover, Mr. Zhao had then

---

[2] The second NOIR also asked for evidence that Spring Packaging and Alpha Plastics operated as separate and distinct entities; and evidence that the job advertised was for a machinist and not a mechanical engineer.

been working as a machinist for the past ten years and was clearly able to perform the duties.

27. The Service has not made a decision on the motion since it was filed almost three (3) years ago.

28. Since April 21, 2015, Alpha Plastics' and Mr. Zhao's present counsels have attempted to contact the USCIS regarding the pending cases by calling the Customer Service Hotline, sending several emails to the Texas Service Center and several to the Lockbox Support, and contacting the Ombudsman's Office on May 10, 2017.

29. Because of the Service's inaction on the response to the second NOIR for over five years, and its inaction on the I-485 application for almost ten years, Alpha Plastics interfiled a second I-140 petition on December 29, 2016 on behalf of Mr. Zhao.

30. By this time, Mr. Zhao had then been working for the company as a machinist for over ten years. The petition was also based on the same ET-9089 that was certified by the Department of Labor in August 2005.

31. On April 9, 2018, the USCIS transferred the petition to the National Benefits Center and that is the last communication Alpha Plastics has received regarding this petition. Counsels for the company attempted to request expedited case processing by filing a request for premium processing on May 24, 2019. However, the Service denied the request on June 12, 2019.

32. To date, this petition and the I-485 application, remain pending. Since the initial filing, the I-290B motion to reconsider has been pending **772 days**; the interfiled I-140 petition has been pending for **994 days**; and the I-485 application has been pending for **4,462 days** without adjudication or a reasonable timeframe for adjudication.

33. Plaintiff Alpha Plastics and Plaintiff Zhao have exhausted every means of resolving this issue before seeking relief from this court.

## V.     FIRST CLAIM FOR RELIEF

### Mandamus to compel adjudication under 28 U.S.C. §1361

34. Plaintiffs incorporate by reference paragraphs 1-33 above.

35. 28 U.S.C. § 1361 provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

36. A mandamus plaintiff must demonstrate that: "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available." *Hadad v. Scharfen*, 08-22608, 2009 U.S. Dist. LEXIS 26147, *2 (S.D. Fla. Mar 12, 2009) (citing *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir. 1980)).

37. Plaintiff Alpha Plastics has a clear right to the adjudication of the I-140 petition and the I-290B motion, and Plaintiff Zhao has the same for the adjudication of his I-485 application. Plaintiffs paid the filing fee and filed the applications with all required supporting documentation that demonstrated eligibility for each petition and application. Plaintiff Zhao has duly attended his biometrics appointments, his interview, and responded in a timely manner to the RFE send by the USCIS. Plaintiff Alpha Plastics has also responded timely to all NOIR's issued in this unbelievably long drawn case.

38. It has been twelve (12) years and Plaintiffs have been patiently waiting for this case to be resolved. However, the USCIS has failed to act by unreasonably delaying the application and petitions. Plaintiffs are left with no other remedy.

### VI.    SECOND CLAIM FOR RELIEF

**<u>Violation of Administrative Procedure Act, 5 U.S.C. §§ 555, 706, *et seq.*</u>**

39. Plaintiff incorporates by reference paragraphs 1-38 above.

40. The Service's failure to adjudicate the Plaintiff Zhao's I-485 Application, and Plaintiff Alpha Plastics' I-140 petition and I-290B motion violates the Administrative Procedure Act ("APA"), codified at 8 U.S.C. § 706. Section 706(1) states that a Court "shall compel an agency action unlawfully withheld or unreasonably delayed."

41. Additionally, the APA at 5 U.S.C. § 555(b) states, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

42. When read together, 8 U.S.C. § 706(1) and 5 U.S.C. § 555(b) give the Plaintiffs "a right to have [their] application adjudicated within a reasonable time, and … USCIS has a concomitant duty to ensure this happens." *Hadad,* 2009 WL 654019, at *2. Deciding whether to grant or deny an application is a discrete action that USCIS is required to take." *Id.*

43. The government cannot by inaction abuse its authority by failing to make a decision. *Accardi v Shaughnessy,* 347 U.S. 260 (1954). The USCIS has "a non-discretionary duty to act on applications before it by processing them." *Miranda v. Gonzales,* No. 08-20682-CIV-HOEVELER (S.D.Fla. Aug. 25, 2008). Furthermore, the USCIS does not have an unfettered discretion to put off deciding an application for an unreasonable

amount of time. "Such discretion would strip defendants' duty of any meaning: The duty to act is no duty at all if the deadline is eternity." *Saleem v. Keisler,* 520 F.Supp.2d 1048, 1055 (W.D.WIS.2007) (citation omitted). *See also Aslam v. Mukasey*, 531 F. Supp. 2d 736, 743 (E.D. Va. 2008) (finding a nearly three-year delay in the adjudication of an adjustment application unreasonable).

## VII.  PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiff ZHAO and Plaintiff ALPHA PLASTICS, INC. pray that the Court:

a. Assume jurisdiction over this matter;

b. Compel Defendants to perform their duty or duties to complete processing of the I-485 application, the I-140 petition, and the I-290B motion to reconsider filed by the Plaintiffs;

c. Order Defendants to adjudicate the interfiled I-140 petition, the I-290B motion, and I-485 applications in the next 30 days;

d. Grant an award of attorneys' fees and costs under the Equal Access to Justice Act; and,

e. Grant Plaintiffs any other relief this court deems just and proper at law and in equity.

Respectfully Submitted,

/s/ Gordon Quan

GORDON QUAN
Attorney in Charge
(SBN: 16422400)
Quan Law Group PLLC
5444 Westheimer Rd., Ste. 1700
Houston, TX 77056
Tel: (713) 625-9200
Fax: (713) 625-9222

/s/ Merina Shakya
 (SBN: 24089912)
Quan Law Group PLLC
5444 Westheimer Rd., Ste. 1700
Houston, TX 77056
Tel: (713) 625-9200
Fax: (713) 625-9222
*Counsel of Record for Plaintiffs*